**Cary R. Cadonau**, OSB #002245
ccadonau@brownsteinrask.com
BROWNSTEIN RASK, LLP
1 SW Columbia Street, Suite 900
Portland, Oregon 97204
Telephone: (503) 221-1772
Fax: (503) 221-1074
    Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON, PORTLAND DIVISION

| | |
|---|---|
| TRUSTEES OF THE OREGON-WASHINGTON CARPENTERS-EMPLOYERS HEALTH AND WELFARE TRUST FUND, TRUSTEES OF THE OREGON-WASHINGTON CARPENTERS-EMPLOYERS PENSION TRUST FUND, TRUSTEES OF THE OREGON-WASHINGTON CARPENTERS-EMPLOYERS VACATION-SAVINGS TRUST FUND, TRUSTEES OF THE OREGON-WASHINGTON CARPENTERS-EMPLOYERS APPRENTICESHIP AND TRAINING TRUST FUND, TRUSTEES OF CARPENTERS INTERNATIONAL TRAINING FUND, TRUSTEES OF THE WALL AND CEILING INDUSTRY PROMOTION FUND, TRUSTEES OF THE OREGON-S.W. WASHINGTON CARPENTERS-EMPLOYERS 401(K) PLAN AND TRUST, and PACIFIC NORTHWEST REGIONAL COUNCIL OF CARPENTERS,<br><br>    Plaintiffs,<br><br>  v.<br><br>CASCADE DIVE COMPANY,<br><br>    Defendant. | Civil No. _____<br><br>**COMPLAINT** (Breach of Collective Bargaining Agreement and Violation of ERISA) |

Page 1 – **COMPLAINT**

Plaintiffs allege:

# I

# THE PARTIES

1.     Plaintiffs are the Trustees of the Oregon-Washington Carpenters-Employers Health and Welfare Trust Fund (Health Fund), the Oregon-Washington Carpenters-Employers Pension Trust Fund (Pension Fund), the Oregon-Washington Carpenters-Employers Vacation-Savings Trust Fund (Vacation Fund), the Oregon-Washington Carpenters-Employers Apprenticeship and Training Trust Fund (Training Fund), the Contract Administration Fund ("Contract Fund") (collectively, "Trust Funds"), and the Pacific Northwest Regional Council of Carpenters (Union).

2.     The Health Fund, Vacation Fund and Training Fund are "employee welfare benefit plans" as that term is defined in 29 U. S. C. § 1002(1) of the Employee Retirement Income Security Act of 1974, as amended (ERISA). The Pension Fund is an "employee pension benefit plan" as that term is defined in 29 U.S.C. § 1002(2)(A) of ERISA. Numerous employers pay fringe benefit contributions to the Health Fund, Pension Fund, Vacation Fund and Training Fund and these funds are "multiemployer plans" as that term is defined in 29 U.S.C. § 1002(37)(A) of ERISA. The Trustees of the Health Fund, Pension Fund, Vacation Fund and Training Fund have discretionary authority and control over the management of said Trust Funds and are "fiduciaries" as that term is defined in 29 U.S.C. § 1002(21)(A) of ERISA.

3.     The Contract Fund is a trust fund created pursuant to a trust agreement. The Contract Fund is governed by a board of trustees.

Page 2 – **COMPLAINT**

4. The Union is a labor organization with its principal office and place of business in SeaTac, Washington. The Union is the successor to the Pacific Northwest District Council of Carpenters.

5. Defendant is a Washington corporation that does business in Oregon. At all times material to this proceeding (January 2015 through December 2016), defendant has been an "employer" as that term is defined in 29 U.S.C. § 152(2) of the Labor-Management Relations Act (LMRA) and 29 U.S.C. § 1002(5) of ERISA and has been engaged in an "industry or activity affecting commerce" as that term is defined in 29 U.S.C. §§ 142(1) and (3) of the LMRA and 29 U.S.C. § 1002(12) of ERISA.

## II

## JURISDICTION

6. The Court has jurisdiction over the Claim for Relief brought by the Trustees of the Health Fund, Pension Fund, Vacation Fund and Training Fund against defendant for violation of the provisions of 29 U.S.C. §§ 1132(a)(3) and 1145 of ERISA pursuant to 29 U.S.C. § 1132(e)(1) of ERISA.

7. At all times material to this proceeding (January 2015 through December 2016), a written collective bargaining agreement has existed between the Union and defendant. The collective bargaining agreement covers employees in an industry affecting commerce, and the activities of defendant affect commerce. The Court has jurisdiction over the Claim for Relief brought by each plaintiff against defendant pursuant to the provisions of 29 U.S.C. § 185(a) of the LMRA.

Page 3 – **COMPLAINT**

BROWNSTEIN | RASK
1 SW COLUMBIA STREET // SUITE 900 // PORTLAND, OR 97258
P 503.221.1772   F 503.221.1074
brownsteinrask.com

### III

### **JOINDER**

8.  The obligations of defendant to plaintiffs arise out of the same collective bargaining agreement. Common questions of law and fact govern the claims each plaintiff has against defendant.

### IV

### **COMMON FACTS**

9.  At all times material to this proceeding (January 2015 through December 2016), defendant has been bound by a written collective bargaining agreement with the Union. Under the terms of the collective bargaining agreement, defendant agreed to be bound by the terms and conditions of the Trust Agreements which created the Trust Funds. Defendant further agreed to pay fringe benefit contributions on behalf of its employees performing work under the collective bargaining agreement to the Trustees of the Trust Funds, and to remit union dues to the Union. Defendant further agreed to file monthly remittance report forms and to pay fringe benefit contributions and union dues to the Trustees of the Trust Funds and Union by the 20th day of the month following the month in which the work was performed.

10. The Trust Agreements which created the Trust Funds provide that, in the event an employer fails to make a timely payment of fringe benefit contributions, the employer is liable for the delinquent fringe benefit contributions, interest on the delinquent or late paid fringe benefit contributions at the rate of 12% per annum from the date each contribution became due until paid and liquidated damages in an amount equal to one percent of the delinquent or late paid fringe benefit contributions for each month that the fringe benefit contributions are late or delinquent.

Page 4 – **COMPLAINT**

BROWNSTEIN | RASK
1 SW COLUMBIA STREET // SUITE 900 // PORTLAND, OR 97258
P 503.221.1772   F 503.221.1074
brownsteinrask.com

11. The Union is entitled to recover union dues pursuant to the terms of the collective bargaining agreement, plus interest on the delinquent or late paid union dues at the rate of 9% per annum pursuant from the due date until paid pursuant to ORS 82.010.

**V**

**CLAIM FOR RELIEF**

12. Plaintiffs conducted a payroll examination of defendant's books and records for the period from January 2015 through December 2016 to determine whether defendant paid all required fringe benefit contributions and union dues to plaintiffs.

13. Based on the results of that payroll examination, defendant owes the following amounts to plaintiffs: $29,805.86 in fringe benefit contributions and union dues, $5,427.06 in interest calculated through October 17, 2017, with interest continuing to accrue on the sum of the fringe benefit contributions ($27,496.00) at the rate of 12% per annum from October 18, 2017, through entry of judgment, and interest continuing to accrue on the sum of the union dues ($2,309.86) at the rate of 9% per annum from October 18, 2017 through entry of judgment, and pursuant to 29 U.S.C. §1132(g)(2)(C)(i), additional interest of $5,427.06 calculated through October 17, 2017, with additional interest continuing to accrue on the sum of the fringe benefit contributions ($27,496.00) at the rate of 12% per annum from October 18, 2017, through entry of judgment, and additional interest continuing to accrue on the sum of the union dues ($2,309.86) at the rate of 9% per annum from October 18, 2017 through entry of judgment.

14. The Trust Agreements that created the Trust Funds provide that they are entitled to recover reasonable attorney fees from an employer such as defendant when litigation is necessary to require an employer to comply with the employer's obligations under the Trust

Page 5 – **COMPLAINT**

BROWNSTEIN | RASK
1 SW COLUMBIA STREET // SUITE 900 // PORTLAND, OR 97258
P 503.221.1772   F 503.221.1074
brownsteinrask.com

Agreements. Defendant should be required to pay the Trust Funds' reasonable attorney fees pursuant to the terms of the Trust Agreements.

15.   The Trustees of the Trust Funds are also entitled to recover reasonable attorney fees from defendant pursuant to the provisions of 29 U.S.C. §1132(g)(1) of ERISA.

16.   The Trust Agreements that created the Trust Funds provide that, in the event a payroll examination of an employer's books and records is conducted and fringe benefit contributions are found due and owing, the Trust Funds are entitled to a reasonable payroll examination fee.  Based on the terms of the Trust Agreements that created the Trust Funds, the Trustees of the Trust Funds are entitled to recover from defendant a reasonable payroll examination fee.

17.   The Trustees of the Trust Funds are also entitled to recover a reasonable payroll examination fee from defendant pursuant to the provisions of 29 U.S.C. §1132(g)(2)(E) of ERISA.

18.   To date, the Trustees of the Trust Funds have incurred $2,684.33 in payroll examination fees.  Defendant should be required to pay $2,684.33 in payroll examination fees to the Trustees of the Trust Funds, together with any additional payroll examination fees that they incur in this lawsuit.

WHEREFORE, plaintiffs pray for a decree and judgment against defendant as follows:

1.   Requiring defendant to pay the following amounts to plaintiffs: $29,805.86 in fringe benefit contributions and union dues, $5,427.06 in interest calculated through October 17, 2017, with interest continuing to accrue on the sum of the fringe benefit contributions ($27,496.00) at the rate of 12% per annum from October 18, 2017, through entry of judgment, and interest continuing to accrue on the sum of the union dues ($2,309.86) at the rate of 9% per

Page 6 – **COMPLAINT**

annum from October 18, 2017 through entry of judgment, and pursuant to 29 U.S.C. §1132(g)(2)(C)(i), additional interest of $5,427.06 calculated through October 17, 2017, with additional interest continuing to accrue on the sum of the fringe benefit contributions ($27,496.00) at the rate of 12% per annum from October 18, 2017, through entry of judgment, and additional interest continuing to accrue on the sum of the union dues ($2,309.86) at the rate of 9% per annum from October 18, 2017 through entry of judgment;

2. Providing that plaintiffs shall retain the right to conduct a future payroll examination of defendant's books and records (for a period other than January 1, 2015 through December 31, 2016) in order to ensure that all required fringe benefit contributions and union dues have been paid; and further, in the event the payroll examination reveals that delinquent fringe benefit contributions and/or dues are owed, providing that plaintiffs shall have the right to institute legal proceedings against defendant to recover the delinquent fringe benefit contributions and/or union dues found due and owing pursuant to the payroll examination report, together with liquidated damages, interest, payroll examination fees, attorney fees and court costs;

3. Requiring defendant to pay plaintiffs' costs and disbursements incurred in this lawsuit; and

4. For such further relief as the Court deems just and equitable.

DATED this 19th day of November 2020.

**BROWNSTEIN RASK, LLP**

_____
Cary R. Cadonau, OSB #002245
Attorney for Plaintiffs

Page 7 – **COMPLAINT**